1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CHAD BOYER,

              Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

Case No. 1:19-cv-00714 EPG

**FINAL JUDGMENT AND ORDER
REGARDING PLAINTIFF'S SOCIAL
SECURITY COMPLAINT**

     This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8).

     At a hearing on September 23, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

\\\

1

**A. Whether the ALJ Erred in Failing to Credit Plaintiff's Subjective Symptom Testimony**

Plaintiff challenges the ALJ's finding that Plaintiff's subjective symptom testimony could not be fully credited.

The Court looks to whether the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ stated as follows regarding Plaintiff's subjective symptom testimony:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the objective medical evidence does not show that the claimant's symptoms are as limiting as he alleges. For example, in October of 2016, the claimant's primary care provider noted that all of his chronic conditions were stable, including asthma and low back pain (8F/36).  He had normal physical examinations in November and December of 2016 (8F/59, 72, 75).  The claimant also had normal physical examinations in February, May, and September of 2017 (8F/161, 297, 301, 355).  Regarding the claimant's activities of daily living, he testified that he lives alone.  He is able to do light activities at home.  He is able to drive.  He is able to go grocery shopping and go to church on Sundays.  He goes to bible study twice per month.  The claimant is able to watch television and he plays chess with friends (Hearing Testimony).  Furthermore, the claimant worked from January to August of 2017 at substantial gainful activity levels (8D; 9D).  This shows that the has excellent abilities for earning income.  Here, the claimant has described daily activities that are inconsistent with the claimant's allegations of disabling symptoms and limitations.

(A.R. 22).

The Court has looked at the objective medical evidence cited by the ALJ.  It is true that his primary care provider noted that all of his chronic conditions were stable, including asthma and low back pain.  (A.R. 560 ("All conditions are stable.").  However, stability does not necessarily say anything as to the intensity, persistence, and limiting effects of his symptoms.

1   Even the same record cited mentions his "chronic conditions" including "low back pain." (A.R.
2   560; see also A.R. 564 ("bilateral low back pain, unspecified chronicity, with sciatica presence
3   unspecified. Comment: stable")).

4       The ALJ also cites to certain records for showing "normal physical examinations in
5   December of 2016. (A.R. 220). The first cited record shows normal findings on an examination
6   of vital signed, "general," ears, nose, pharynx, chest, heart and extremities. (A.R. 583). Another
7   notes, regarding a physical examination, "well developed, well nourished male, alert and
8   orientated x3 and no acute distress." (A.R. 596; *see also* A.R. 22 (same)).

9       The ALJ then points to various "normal physical examinations." (A.R. 685
10  ("musculoskeletal: no joint or muscle pain or limitation; neurological: no weakness, tremors,
11  syncope"); (A.R. 821-22 ("General: well developed, well nourished male, alert and orientated x3,
12  no acute distress."); (A.R. 879 (same)). The record supports the ALJ's summary of these normal
13  physical examinations.

14      The record also supports the ALJ's summary that Plaintiff lives alone, can do light
15  activities at home, can drive, can go grocery shopping and go to church on Sundays, goes to bible
16  study, watches television and plays chess. While none of these activities show an ability to
17  perform full time work, they are relevant in assessing Plaintiff's abilities.

18      Finally, the ALJ is correct that Plaintiff worked from January to August of 2017 at
19  substantial gainful activity levels. It is also true that Plaintiff testified that he had to leave this job
20  because of his pain, and that he missed two to three days per week. (A.R. 49).

21      The Court has considered the reasons given and concludes that they are legally sufficient.
22  While some of the reasons are not persuasive, such as Plaintiff's condition being stable, the Court
23  finds that the repeated normal physical examination findings do provide a clear and convincing
24  reason to not fully credit Plaintiff's symptom testimony.  Those examinations repeatedly show
25  normal findings, where one would expect Plaintiff to show abnormal findings given his
26  testimony. The other reasons, including Plaintiff's extensive activities of daily living and time of
27  gainful activity, although not dispositive, provide further support for the ALJ's reasoning.
28  ///

3

1

2       **B.  Whether the ALJ Committed Legal Error Re: Plaintiff's Treating Physician**

3       Plaintiff argues that the ALJ committed legal error in failing to provide sufficient reasons

4 for discounting the opinion of Plaintiff's treating physician.

5       In weighing medical source opinions in Social Security cases, there are three categories of

6 physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians,

7 who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat

8 nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must

9 provide clear and convincing reasons that are supported by substantial evidence for rejecting the

10 uncontradicted opinion of a treating or examining doctor. *Id.*at 830–31; *Bayliss v. Barnhart*, 427

11 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's

12 opinion in favor of another physician's opinion without first providing specific and legitimate

13 reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. §

14 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a

15 whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti v. Astrue*, 533 F.3d

16 1035, 1041 (9th Cir. 2008) (finding it not improper for an ALJ to reject a treating physician's

17 opinion that is inconsistent with the record).

18       Here, because Dr. Jafri's opinion was contradicted by state agency non-examining

19 physicians, the Court looks to whether the ALJ's decision was supported by specific and

20 legitimate reasons that are supported by substantial evidence.

21       The ALJ addressed Dr. Jafri's opinion as follows:

22     The claimant's physician, Zeeshan A. Jafri, M.D., completed a physical residual
functional capacity questionnaire regarding the claimant.  He reported that the
23     claimant could walk half of a block without rest or severe pain, he could sit thirty
minutes at a time, and stand five minutes at a time.  He could stand/walk less than
24     two hours in an eight-hour day and sit at least six hours in an eight-hour day.  He
would need to shift positions.  Dr. Jafri found that the claimant could frequently
25     lift twenty pounds.  He stated that the claimant would need intermittent time off
for flare-ups, three times per month up to three days per episode (7F).  This
26     opinion is given little weight, as it is inconsistent with the record as a whole.  The
record supports a lesser degree of restriction.  For example, the claimant's primary
27     care provider noted that all of his chronic conditions were stable, including asthma

28

and low back pain (8F/36). The claimant had numerous normal physical examinations throughout the record (1F/38, 58; 8F/59, 72, 161, 297, 301, 355). Accordingly the record shows that the claimant is not as limited as Dr. Jafri opined. Therefore, this opinion is given little weight.

(A.R. 23).

For the same reasons described above regarding Plaintiff's symptom testimony, the Court finds that these reasons, especially the repeated normal physical examinations, constitute specific and legitimate and supported by substantial evidence.

**C. Conclusion**

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   __**September 30, 2020**__            ___/s/ Erica P. Grosjean___
                                                                  UNITED STATES MAGISTRATE JUDGE